IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3205-D

| | | |
|---|---|---|
| MICHAEL EUGENE THRASH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| JOHN CLOUD and J. RICHARD PARKER, | ) ) ) ) | |
| Defendants. | ) | |

Michael Eugene Thrash ("Thrash" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Thrash originally sought leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 3], but on January 6, 2011, paid the filing fee in full. On May 31, 2011, Thrash filed a motion to compel screening of his complaint [D.E. 7]. On August 17, 2011, Thrash filed a motion to compel service on defendants [D.E. 9]. As explained below, the court dismisses the action as frivolous, and denies as moot plaintiff's motions to compel screening and service [D.E. 7, 9].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous." 28 U.S.C. § 1915A(a), (b)(1). This requirement applies even where, as here, "the plaintiff is not proceeding in forma pauperis and has paid the full [filing] fee." Johnson v. Hill, 965 F. Supp. 1487, 1488 (E.D. Va. 1997) (citing 28 U.S.C. § 1915A(a)); see In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that, pursuant to section 1915A, "[d]istrict courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is

pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

> On July 16, 1998, in Dare County Superior Court, a jury convicted Thrash of two counts of possession with intent to sell and deliver cocaine, and two counts of sale and delivery of cocaine. The court sentenced Thrash (who is a habitual felon) to two consecutive terms of 116 to 149 months' imprisonment. Thrash appealed his convictions, and the North Carolina Court of Appeals found no error.

Thrash v. Kenworthy, No. 5:09-HC-2148-D, 2011 WL 677276, at *1 (E.D.N.C. Feb. 16, 2011) (unpublished) (citations omitted).

Since Thrash's conviction (and again in this case), Thrash has repeatedly asserted that his defense attorney, defendant Cloud, and the judge who presided over his case, defendant Parker, engaged in nefarious acts in securing his conviction. Compl. 3-4; see also Thrash v. Kenworthy, 2011 WL 677276, at *3 n.2 ("Thrash alleges that the trial judge had a personal bias against him"); Thrash v. Cloud, No. 5:02-CT-237-F (E.D.N.C. Apr. 17, 2003) (Thrash "alleged that he paid Cloud a $7,000 fee to try his case but Cloud refused to prepare for trial and instead tried to coerce Thrash into accepting a plea agreement offered by the State. Thrash also alleged that Cloud permitted him to incriminate himself during an interview with law officials.") (unpublished); Thrash v. Cloud,

2

5:01-CT-152-H (E.D.N.C. Apr. 16, 2001) (unpublished) ("Plaintiff alleges Defendant Cloud conspired with state officials to secure his conviction"). Here, Thrash asserts violations of his "1st, 5th, 8th, 14th" Amendment rights along with a host of state law tort and other claims, and seeks declaratory relief and compensatory damages of $1 million from each defendant, punitive damages of $2 million from each defendant, and nominal damages of "$ one thousand a day for every day spent incarcerated." Compl. 4, 9-10, 27.

"[T]o recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Thrash contends that he was wrongfully prosecuted and convicted, yet Thrash's sentence has not been overturned or otherwise invalidated. Accordingly, Thrash may not proceed with his section 1983 claim.

Moreover, Thrash has named defendants who are immune from or otherwise not amenable to suits under section 1983. As for defendant Parker, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). As for defendant Cloud, defense attorneys do not act under color of state law and, therefore, are not amenable to suit under section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d

3

1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Thus, Thrash's claims against Parker and Cloud are dismissed as frivolous.

Alternatively, the court dismisses the action as untimely. Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See, e.g., Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs Thrash's claims. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. See, e.g., Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See, e.g., Wallace, 549 U.S. at 391; Nasim, 64 F.3d at 955. Thrash alleges that Cloud represented him "in/from (1997 to 1998)" and Parker "used personal vendetta(s) from year(s) past against plaintiff, . . . . which ended in a guilty verdict[.]" Compl. 4. Therefore, Thrash's claims accrued at the latest upon his conviction on July 16, 1998, and expired three years later on July 16, 2001. Thrash signed his complaint on November 15, 2010. Thus, the action is untimely and therefore dismissed.

For the reasons stated, the court DISMISSES plaintiff's action as frivolous under 28 U.S.C.

4

§ 1915A. The court DENIES AS MOOT plaintiff's motion to compel screening [D.E. 7] and motion to compel service [D.E. 9]. The Clerk of Court is directed to close the case.

SO ORDERED. This 28 day of August 2011.

JAMES C. DEVER III
United States District Judge